**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **3:09-CV-0190-N** |
| v. | ) | **(3:05-CR-075-N)** |
| | ) | |
| **JOHNNY M. HERNANDEZ, JR.,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Johnny M. Hernandez, Jr. ("Movant") brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

**Statement of the Case**

Defense attorney Douglas A. Mulder originally represented Movant. However, Movant retained Robert Q. Montserrat to represent him, and Mr. Mulder's representation was terminated on February 14, 2006. On March 31, 2006, Movant pled guilty to violating 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). On June 23, 2006, the District Court sentenced Movant to a total of 168 months imprisonment and a 3-year term of supervised release. Movant waived his right to appeal, but reserved the right to bring a § 2255 motion.

On January 29, 2009, Movant filed this § 2255 motion challenging the judgment of conviction. Movant contends that he unintelligently and involuntarily entered an invalid guilty plea due to ineffective assistance of counsel.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. § 2255. The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).[1]

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. 28 U.S.C. § 2255 (f).

In this case, the one-year statute of limitations runs from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Movant's conviction became final on July 7, 2006, the last

---

[1] On February 9, 2009, this Court advised Movant that his § 2255 appeared to be barred by the one-year statute of limitations and granted him thirty days to show cause why the § 2255 motion should not be dismissed as barred by the limitation period. Movant filed his response to the show cause order on March 13, 2009.

day on which he could have appealed to the Fifth Circuit Court of Appeals the judgment of conviction entered on June 23, 2006. *See* FED. R. APP. P.4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). The one-year period began to run on July 8, 2006, the day after the conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). It expired on July 7, 2007. Movant did not file this § 2255 motion until January 29, 2009, two and one-half years after the expiration of the one-year limitation period. Therefore, Movant's § 2255 motion is clearly untimely.

Movant requests that the Court grant equitable tolling of the statute of limitations. Equitable tolling is permitted only "in rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). A movant must diligently pursue his rights for equitable tolling to apply. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor [his] lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Movant claims that his defense counsel misled him because he never filed a direct appeal. However, Movant admits that he waived direct appeal in his guilty plea. Next, Movant bases his claim for equitable tolling upon the doctrine of "attorney abandonment." *See United States v. Wynn,* 292 F.3d 226, 230-31 (5th Cir. 2002). Although an attorney's intentional deceit could warrant equitable tolling, a court can grant this relief only if the petitioner shows that the attorney made deceptive misrepresentations and that the petitioner reasonably relied on them. *Id*.

Movant's sworn declaration is not consistent with his claim that Doug Mulder agreed to represent Movant on his § 2255 motion. Movant's evidence shows, at the most, that between

January and May, 2007, Movant's wife noted in letters to Movant that she had made several attempts to contact Movant's former counsel, Douglas Mulder, to get him to talk to Movant about filing a § 2255 motion. However, the letters do not indicate that Mulder ever contacted either Movant or his wife. Movant claims only that he was under the "impression" the lawyer was going to file a timely § 2255 motion. Movant should not have relied upon an "impression." Such reliance is unreasonable. It certainly does not show "attorney abandonment" or any other equitable reason which might entitle him to equitable tolling of the limitation period. This case is distinguishable from *Wynn*. In *Wynn*, the Fifth Circuit indicated that equitable tolling might apply if Wynn could establish that his attorney misled his father by telling him that a habeas petition had been filed on his behalf and that Wynn reasonably relied on his attorney's misrepresentations as to the status of his case. In this case, Movant relies on his wife's attempts to contact Mr. Mulder and the fact that Mr. Mulder was added to his visitor's list. However, Mr. Mulder was not added to the list until December 13, 2008, over a year and a half after the statute of limitations expired. The facts Movant relies upon do not support a finding that any counsel intentionally deceived him about the statute of limitations for § 2255 or that anyone stated that the § 2255 motion had been filed. The record contains no evidence of any deception, any justifiable reliance on Movant's part, or any "attorney abandonment."

Movant also argues that he is actually innocent of the conspiracy to which he pled guilty. However, "a petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000)). Accordingly, Movant's second equitable tolling argument fails.

**RECOMMENDATION**:

4

The Court recommends that the District Court dismiss with prejudice the motion under 28 U.S.C. § 2255 as barred by the one-year statute of limitations.

Signed, September 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Id*.